UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZENOBIA JONES, and
HAKEEM ABDUL RASHEED,

       Plaintiffs,                   CIVIL ACTION NO. 07-10128

       v.                              DISTRICT JUDGE DAVID M. LAWSON

LEE G. RAVITZ, Attorney for          MAGISTRATE JUDGE VIRGINIA MORGAN
KWA 1 LLC, and ZAINUB
SAREEA, General Manager,

       Defendants.
_____/

### REPORT AND RECOMMENDATION TO GRANT MONETARY SANCTIONS, ENJOIN PLAINTIFFS FROM FILING FURTHER PAPERS WITHOUT COURT APPROVAL AND TO DEEM FRAUDULENT PURPORTED UCC FILINGS WITH THE STATE OF MICHIGAN

This matter is before the court on the motion of defendant for sanctions under Fed.R.Civ.P. Rule 11 in this civil action which appears to arise from a landlord-tenant dispute. Oral argument was held before the magistrate judge. Plaintiffs are *pro se* (Zenobia Jones is the represented to be the mother of plaintiff Rasheed) and defendants are individuals represented by the law firm of Dykema-Gossett.[1] Defendants seek as a sanction the sum of $6,838.51 in costs and fees which has been expended in defense of this action. In addition, defendants seek to

---

[1]Defendant Ravitz is the attorney for KWA1 LLC and Sareea is the General Manager. KWA 1 LLC owns residential property where Jones leases an apartment. Schostak Bros. & Co. is responsible for the payment of fees and costs of defendants.

- 1 -

enjoin plaintiffs from filing further papers with the court without obtaining prior approval from a judge and striking fraudulent UCC filings. In response, plaintiffs provided a document entitled "Bill of Lading, Affidavit in the Nature of a Motion to Dismiss Defendant; Motion for Sanctions and Grant Plaintiff Affidavit in the Nature of a Motion Granting Plaintiff Sanctions and Restitution for 3rd Party Damages by Contract." (Received by Magistrate Judge 3/22/07, but not filed or docketed)[2] For the reasons discussed in this Report, it is recommended that the defendant's motion be granted, and to the extent that the Bill of Lading is deemed to be a motion, that it be denied.

The purpose of Fed.R.Civ.P. Rule 11 is to deter baseless filings and compensate those defending against them. Cooter & Gell v. Hartmarx Corp., 496 U.S.384, 393 (1990). *Pro se* litigants are not immune from Rule 11 sanctions. See, Rule 11, Danvers v. Danvers, 959 F.2d 601, 604-5 (6th Cir. 1992). This circuit employs an objective standard of reasonableness inquiry to determine whether a violation of Rule 11 has occurred. Under this standard, a court must judge the challenged conduct by "an objective standard of reasonableness under the circumstances." INVST Fin. Group Inc. v. Chem-Nuclear Sys, Inc., 815 F.2d 391, 401 (6th Cir. 1987) cert. denied 484 U.S. 927 (1987). Anyone–lawyer or *pro se* litigant–who signs a paper or pleading must make reasonable inquiry to determine whether it was presented for a proper purpose and not to harass or delay, that the claims, defenses, and other legal contentions are warranted, that the allegations and other factual contentions have or are likely to have

---

[2]Plaintiffs filed another Bill of Lading, docketed as an affidavit denying liability. (#21)

evidentiary support, and that the denials of factual contentions are reasonable. Fed.R.Civ.P. Rule 11(b)(1)-(4).

Rule 11 provides a "safe-harbor" provision and defendants have complied with that. Plaintiffs were served with the brief on February 13, 2007, but took no action. The court finds that the motion is ripe for consideration.

A party or lawyer may be sanctioned both monetarily and by means of injunctive relief. The Sixth Circuit has held that district courts may impose pre-filing review requirements and enjoin litigants from filing papers without permission. See, e.g., Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987).

In this case, the court has carefully reviewed the pleadings which are the subject of the motion. In addition, the court has considered the affidavit of Gary Bazydlo (General Counsel for the entity responsible for the litigation). The court has reviewed the underlying legal charges and finds them to be necessary and reasonable in amount.

The court is also cognizant of the *pro se* status of the litigants and the generalized right of access to the courts. However, in this case, neither of the latter two concerns is sufficient to overcome the need for sanctions. The litigation is frivolous and, given the plaintiffs' history, these sanctions must be substantial in order to deter future conduct. The pleadings are frivolous, baseless, and not well-grounded in fact or law. Plaintiffs, who have been sanctioned for similar conduct, are without basis to argue that they did not understand or were acting in good faith.

As found by the district judge, this case and plaintiff's pleadings purport to be a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and seek to prohibit

defendants from instituting litigation for the plaintiff's failure to pay a debt.  Plaintiffs submit this is improper because the Foreign Agents Registration Act, 22 U.S.C. § 611 *et seq*., requires attorneys in the United States to have a registration as a Foreign Agent.  Plaintiffs cite no authority for this proposition and as the court held, it is patently frivolous.  In addition, plaintiffs have advanced no viable theory of recovery and their pleadings are nonsense.  They clearly meet the standard for Rule 11.

However, if these actions were not sufficiently egregious, plaintiffs now have begun to file with the State of Michigan what appear to be fraudulent UCC Financing statements and other documents which plaintiffs appear to be attempting to pass off as valid negotiable instruments.  These are attached as exhibits to defendants' motion.  Such illegal and fraudulent activities belie any claim of good faith that the plaintiffs may have and would in and of themselves (warrant??) both legal and equitable sanctions.

It also should be noted that plaintiffs' other cases have been dismissed for failure to invoke federal subject matter jurisdiction due to frivolity.  <u>Rasheed v. Ficano</u>, 02-71445 (E.D. MI, July 10, 2002, Zatkoff, J.); <u>Rasheed v. Rock Financial Corp.</u>, 05-60255 (E.D. MI, Dec. 22, 2005, O'Meara, J.); <u>Rasheed v. Comerica Bank</u>, (05-73668, E.D. MI, Nov. 2, 2005, Feikens J.).  Plaintiff Jones' case was similarly dismissed, <u>Jones v. Carroll</u>, 06-13919 (E.D. MI, Oct. 16, 2006, Cohn, J.).  She was also prohibited from filing papers in bankruptcy court for similar reasons, <u>In Re Zenobia Jones</u>, Case No. 06-50152 (Bankr. E.D. MI, Sept. 28, 2006, Shefferly, J.)  This repeated waste of judicial resources and time and expense to litigants and taxpayers

evidences a lack of good faith and is consistent with the new course of conduct related to false UCC filings.

Therefore, it is recommended that the defendants' motion for sanctions be granted. Plaintiffs should be ordered to pay the sum of $6,838.51 and are personally liable, jointly and severally, for payment of the full amount. They are also liable for the $350.00 filing fee previously taxed against them by the Clerk of Court. Further, it is recommended that plaintiffs be enjoined and restrained from filing any future papers in the United States District Court for the Eastern District of Michigan.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                s/Virginia M. Morgan
                Virginia M. Morgan
                United States Magistrate Judge

Dated: June 5, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 5, 2007.

                s/Jane Johnson
                Case Manager to
                Magistrate Judge Virginia M. Morgan